### DUNICAN v. UNION RY. CO.

(Supreme Court, Appellate Division, First Department. December 21. 1900.)

1. APPEAL—EVIDENCE—OBJECTION NOT RAISED BELOW.

> An objection that a witness, offered to prove the speed of the car, was not qualified as an expert, could not be made for the first time on appeal.

2. TRIAL—OPINION EVIDENCE—WITNESS—COMPETENCY.

> Where it was in question how fast defendant's car was moving at the time it collided with plaintiff's vehicle, and a witness, in response to a question as to how fast the car was moving, said he did not know, and he was then asked as to its speed according to his judgment, permitting him to answer was not error on the ground that his first answer showed him not competent; the first answer going, not to his competency, but to the weight to be given his judgment by the jury.

> Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by John W. Dunican against the Union Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Eugene Treadwell, for appellant.
Willard U. Taylor, for respondent.

RUMSEY, J. This case was before the court on an appeal from a former trial, at which the complaint was dismissed. Upon that appeal we held that the testimony offered by the plaintiff was sufficient to require the submission of his case to the jury. Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326. Within the rules there laid down, the plaintiff would be entitled to recover, unless the evidence of the defendant was so preponderating as to show that the jury were not warranted in believing the case to be as represented by the plaintiff's witnesses. There was no such preponderance of the evidence, and therefore, if there was no error upon the trial, the judgment and order should be affirmed, upon the authority of the former decision.

But the defendant claims that there was a fatal error in the admission of testimony which entitled it to a reversal of this judgment. It was important for the plaintiff to show the rate of speed at which the car was moving, as bearing upon the negligence of the defendant. For the purpose of showing that fact, the plaintiff put upon the stand a witness named Bernard, who had been in the employ of the defendant, but in what particular capacity does not appear. Bernard, having testified as to some matters, was asked, "How fast was this car going when it hit Dunican?" to which he answered, "Couldn't tell you how fast; I know it struck him." The question was then asked, "How fast was it going, as near as you can judge?" To this objection was made on the ground that the witness had stated that he could not tell. This objection was overruled, an exception was taken, and the witness was permitted to answer, "About fourteen miles an hour." It is claimed that this was error, and that the question ought to have been excluded for two reasons: In the first place, that he was not competent to answer, because he was not qualified as an expert to testify. To this the complete answer is that no such objection was taken at the trial, and, if it had been, it might have been met, and the witness qualified. In the second place, it is objected that he had testified that he did not know the speed. This did not go to his competency, but simply to the weight to be given by the jury to his judgment. It is not at all unusual for a witness, upon being asked a question, to reply that he does not know, either because he has misunderstood the question, or does not feel sure of the fact, but, upon being pressed, to give an answer showing that he does know, and has judgment as to the matter. Certainly, to answer that he does not know does not disqualify a witness, if, upon the question being repeated, his answer shows that he has a judgment as to the matter which he is asked about.

We see no error in the ruling complained of, and for that reason the judgment and order must be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur. VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.